**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

AT&T COMMUNICATIONS,
INCORPORATED,
Plaintiff,

v.

WSMP, INCORPORATED,
Defendant & Third Party Plaintiff-
Appellant,

No. 96-1304

v.

BELLSOUTH TELECOMMUNICATIONS,
INCORPORATED,
Third Party Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Graham C. Mullen, District Judge.
(CA-94-70-5-MU)

Argued: April 9, 1997

Decided: June 30, 1997

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Louis Ernest Vinay, SIMPSON AYCOCK, P.A., Mor-
ganton, North Carolina, for Appellant. Leon Harvey Lee, Jr., BELL-

SOUTH TELECOMMUNICATIONS, INC., Charlotte, North Carolina, for Appellee. **ON BRIEF:** Robert E. Thomas, Jr., BELL-SOUTH TELECOMMUNICATIONS, INC., Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

In August 1991 third-party plaintiff WSMP, Inc. (WSMP) entered into an arrangement with third-party defendant BellSouth Telecommunications, Inc. (BellSouth) for the use of certain telephone equipment and services known as the ESSX system. The arrangement included (1) a subscription to certain advanced communication features, such as an incoming (toll free) wide area telephone service (WATS) number, and (2) a "Master Lease Agreement" for the necessary equipment. One piece of the equipment was an"auto attendant," which allowed WSMP franchises to call in sales results on the WATS number after hours.

During June 1992 hackers were able to access the auto attendant from an outside line and make international long distance calls on WSMP's line without WSMP's knowledge or permission. AT&T, WSMP's long distance carrier, noticed an unusual pattern of calls and notified WSMP. Recognizing that the calls had not been made by its agents, WSMP asked BellSouth to modify the ESSX system to prevent such unauthorized access. BellSouth made certain changes to the system, but hackers once again were able to enter the system and place another series of calls. After BellSouth made further adjustments, the fraudulent calls stopped.

The toll charges run up by the hackers were included in AT&T's bills to WSMP, and WSMP refused to pay for the unauthorized calls.

2

AT&T brought an action against WSMP to recover these toll charges, which amounted to approximately $125,000. WSMP then filed a third-party complaint against BellSouth, alleging that the charges were caused by defects in the auto attendant. Specifically, WSMP asserted third-party claims against BellSouth for breach of warranty, implied indemnity, and unfair trade practices. Later, AT&T and WSMP reached a settlement that disposed of AT&T's claim against WSMP. This left WSMP's third-party claims against BellSouth, and, as to those claims, the district court awarded summary judgment in favor of BellSouth. WSMP now appeals the summary judgment determination. After considering the appendix, the briefs, and the arguments of counsel, we affirm on the reasoning of the district court. See AT&T Corp. v. WSMP, Inc., No. 5:94CV70-MU (W.D. N.C. Jan. 31, 1996).

AFFIRMED

3